IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:10-CR-073-K |
| Horley Rengifo-Pareja (2) a.k.a. "Harry" | § § § § | |

# PLEA AGREEMENT

Horley Rengifo-Pareja, the defendant, Carolyn Hill, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Rengifo-Pareja understands that he has the rights

    a. to plead not guilty, or having so pleaded, the right to persist in that plea;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

    e. to confront and cross-examine witnesses and to call witnesses in his defense;

    f. to be protected from compelled self-incrimination; and

    g. to testify and present evidence and compel witnesses.

2. **Waiver of rights and plea of guilty**: Rengifo-Pareja waives these rights and pleads guilty to the offense alleged in the Indictment charging a violation of 21 U.S.C. § 1956(h), that is, conspiracy to launder monetary instruments (Count Three). Rengifo-Pareja understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual statement he has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

**Plea Agreement - Page 1**

a. a term of imprisonment not more than 20 years, 18 U.S.C. § 1956(a);

c. a fine not to exceed $500,000, 18 U.S.C. § 1956(a);

d. a term of supervised release of not more than 3 years, which must follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release, 18 U.S.C. § 3583 and

e. a mandatory special assessment of $100.00, 18 U.S.C. § 3013.

4. **Court's sentencing discretion and role of the Guidelines**: The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

**Plea Agreement - Page 2**

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this plea agreement.

5.  **Mandatory special assessment**: Prior to sentencing, Rengifo-Pareja agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**: Rengifo-Pareja shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Rengifo-Pareja shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Rengifo-Pareja expressly authorizes the government to immediately obtain a credit report on him in order to evaluate Rengifo-Pareja's ability to satisfy any financial obligation imposed by the Court. Rengifo-Pareja fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the government from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Rengifo-Pareja understands that he has a continuing obligation

**Plea Agreement - Page 3**

to pay in full immediately any financial obligation imposed by the Court, or in a reasonable amount of time as determined by the Court.

7. **Government's agreement**: The government will not bring any additional charges against Rengifo-Pareja based upon the conduct underlying and related to the defendant's plea of guilty. Jointly with this plea agreement, the government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the Indictment against Rengifo-Pareja. This agreement is limited to the Asset Forfeiture and Money Laundering Section and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Rengifo-Pareja or any property.

8. **Parties agreement:** The parties agree that Rengifo-Pareja has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    i.     fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

**Plea Agreement - Page 4**

iii. denies involvement in the offense;

iv. gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

v. fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi. obstructs or attempts to obstruct justice, prior to sentencing;

vii. has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii. fails to appear in court as required;

ix. after signing this Plea Agreement, engages in additional criminal conduct; or

x. attempts to withdraw the plea of guilty.

The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> 20007 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

| | |
|---|---|
| § 2S1.1(a), Base Offense Level: | 8 |
| § 2B1.1(H) Amount of Laundered Funds: | +16 |
| § 2S1.1(b)(1)(i) Offense Involved Manufacture, Importation, or Distribution of a Controlled Substance or a Listed Chemical: | +6 |
| § 2S1.1(b)(2)(C) Business of Laundering funds: | +4 |

**Plea Agreement - Page 5**

§ 3E1.1(a) & (b), Acceptance of Responsibility:                                    -3
Recommended Adjusted Advisory Guideline:                                           31

Should the Court sentence Rengifo-Pareja to a term of imprisonment, the parties agree to jointly recommend that Rengifo-Pareja be credited for the number of days he was incarcerated after the date of the Indictment in this case, to include his time in Mexican custody.

9.   **Violation of agreement**: Rengifo-Pareja agrees that if he fails to comply with any of the provisions of this agreement, makes false or misleading statements before the Court or to any agents of the United States, purposely withholds pertinent information from agents of the United States, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this agreement. In the event of such a breach: (a) the United States will be free from its obligations under this agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of Rengifo-Pareja's release; (b) Rengifo-Pareja will not have the right to withdraw the guilty plea; (c) Rengifo-Pareja shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) Rengifo-Pareja waives any protection afforded by U.S.S.G. § 1B1.8(a), Rule 410 of the Federal Rules of Evidence, and Rule 11(f) of the Federal Rules of Criminal Procedure, and the United States will be free to use against Angulo-Isaza, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him.

10.   **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.   **Immigration consequences**: Rengifo-Pareja recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Rengifo-Pareja understands that under federal law, a broad range of crimes are removable

**Plea Agreement - Page 6**

offenses, including the offense to which Rengifo-Pareja is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Rengifo-Pareja understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Rengifo-Pareja nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail.

12. **Hyde Amendment:** Rengifo-Pareja agrees that he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 2006A note, and will not file any claim under that law.

13. **Waiver of right to appeal or otherwise challenge sentence:** Rengifo-Pareja is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Rengifo-Pareja is also aware that he may, in some circumstances, be able to argue that his guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this Agreement, Rengifo-Pareja knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues (with the exception of filing a motion pursuant to 18 U.S.C. § 2255 for ineffective assistance of counsel) ; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. §3742, except to the extent that the Court sentences Rengifo-Pareja to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).

Rengifo-Pareja further understands that nothing in this agreement shall affect the Asset Forfeiture and Money Laundering Section's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, Rengifo-Pareja acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. Rengifo-Pareja further agrees, together with the United States, to request that the district court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

Rengifo-Pareja's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the Fifth Circuit or Supreme Court cases decided after the date of this Agreement that are held by the Fifth Circuit or Supreme Court to have retroactive effect.

14. **Representation of counsel**: Rengifo-Pareja has thoroughly reviewed all legal and factual aspects of this case with his attorneys and is fully satisfied with his attorneys' legal representation. Rengifo-Pareja has received from his attorneys explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his attorneys, Rengifo-Pareja has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Waiver Of Statute Of Limitations**: It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, that

**Plea Agreement - Page 8**

any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date this Agreement is signed.

16. **Defendant Acknowledges no Pretrial Right to be Provided With Impeachment and Affirmative Defense Information:** The government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

17. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 17 day of July, 2015.

_____
HORLEY RENGIFO-PAREJA
Defendant

_____
MARK IRISH
U.S. Department of Justice
Asset Forfeiture and Money Laundering Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 353-8891-2508 (telephone)
(202) 514-2255 (facsimile)
Mark.Irish2@usdoj.gov

_____
CAROLYN HILL
Attorney for Defendant

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   7/17/15
HORLEY RENGIFO-PAREJA        Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   7/17/15
CARLOLYN HILL                Date
Attorney for Defendant

**Plea Agreement - Page 10**